IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| MARCUS KEON RUFFIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:18CV463–HEH |
| | ) | |
| HAROLD W. CLARKE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**
**(Dismissing Remaining Claims)**

Marcus Keon Ruffin, a Virginia state prisoner proceeding *pro se*, brought this petition pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging his convictions for felony child neglect, felony destruction of property, and assault and battery on a family member in the Circuit Court for the County of Prince George, Virginia ("Circuit Court"). Ruffin alleged four grounds for relief:[1]

| | |
|---|---|
| Claim One: | "The Commonwealth failed to prove beyond a reasonable doubt that [Ruffin] had the specific intent to destroy the vehicle as a matter of law or as statutorily required." (ECF No. 2, at 8.) |
| Claim Two: | "[Ruffin's] convictions for intentional destruction of property and child neglect are void *ab initio* due to the trial court's violation of a statutory mandate" with respect to the determination of Ruffin's driving speed, "resulting in [the] due process of law and equal protection of the laws as guaranteed by the 14th Amendment of the U.S. Constitution being violated." (*Id.* at 9–10.) |

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for citations to the parties' submissions. The Court corrects the spelling, punctuation, and capitalization in the quotations from Ruffin's submissions.

> Claim Three: "The trial court abused its discretion by finding [Ruffin] guilty of intentional destruction of property and child neglect when it used eyewitness testimony to convict in violation of a substantive rule of a statutory mandate resulting in a due process of law and equal protection of the laws violation as guaranteed by the 14th Amendment of the U.S. Constitution." (*Id.* at 12.)
>
> Claim Four: "Trial counsel was ineffective when she failed to investigate or present evidence of mitigating circumstances" with respect to Ruffin's driving speed, "resulting in a right to effective assistance of counsel violation as guaranteed by the 6th Amendment of the U.S. Constitution." (*Id.* at 13–14.)

Respondent filed a Motion to Dismiss, asserting that Claim One lacked merit and Claims Two, Three, and Four were procedurally defaulted. (ECF No. 13.) As explained in the Court's prior opinion, Ruffin's crimes involved intentionally destroying a rental vehicle.

On September 3, 2019, by Memorandum Order, the Court granted Respondent's Motion to Dismiss with respect to Claim One and denied the Motion without prejudice with respect to Claims Two, Three, and Four. (ECF No. 21, at 17.) Specifically, the Court wrote that:

> To exhaust his claims, Ruffin was required to present properly his claims to the Supreme Court of Virginia on direct appeal or in a state petition for a writ of habeas corpus. Ruffin failed to do so with respect to Claims Two, Three, and Four. If Ruffin now attempted to raise Claims Two, Three, and Four in the Supreme Court of Virginia in a habeas petition, the habeas petition would be barred as untimely pursuant to section 8.01–

654(A)(2) of the Virginia Code,[2] and as successive pursuant to section 8.01–654(B)(2) of the Virginia Code.[3] Virginia's statute of limitations for habeas actions and the bar on successive habeas petitions are adequate and independent procedural rules when so applied. *See Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000); *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587–88 (E.D. Va. 2006). Thus, Claims Two, Three, and Four are procedurally defaulted unless Ruffin demonstrates cause and prejudice to excuse his default or a fundamental miscarriage of justice.

Ruffin presents several arguments regarding his failure to exhaust his state court remedies. Ruffin first argues that he did not exhaust his state court remedies because he "[d]id not become aware of [the] issue[s] until after [he] filed [his] state habeas petition." (§ 2254 Pet. 7–11.) Ruffin also argues that "as to the adding of Claims 2–4, this Court's failure to consider these claims would result in a fundamental miscarriage of justice." (Mem. Supp. § 2254 Pet. 7 (citations omitted).) Specifically, Ruffin contends that "the evidence weighs heavily enough against the verdict to demonstrate that a miscarriage of justice occurred during trial and a new trial is in order." (*Id.* (citations omitted).) Ruffin also contends that

---

[2] This statute provides, in relevant part:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01–654(A)(2) (West 2019).

[3] This statute provides, in relevant part:

> Such petition shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.

Va. Code Ann. § 8.01–654(B)(2) (West 2019).

3

> "since Claim 2 pertains to [his] convictions being void ab initio and as such [the convictions are] a complete nullity that may be impeached directly or collaterally by all persons, anywhere, at any time, or in any manner." (*Id.* at 7–8 (citation omitted).) Further, Ruffin suggests that appellate counsel was the cause of his default of Claims Two, Three, and Four, arguing that he did not raise these claims on direct appeal because "counsel did not do it[;] [Ruffin] did not do [his] own appeal." (§ 2254 Pet. 7–8, 10.)
>
> Respondent fails to adequately address all of Ruffin's arguments regarding his default of Claims Two, Three, and Four. Respondent also fails to address the applicability of *Martinez v. Ryan*, 566 U.S. 1 (2012), and related cases to Ruffin's claims. At this juncture, the Court declines to find Ruffin's Claims Two, Three, and Four procedurally defaulted, and the Motion to Dismiss is DENIED WITHOUT PREJUDICE with respect to these claims.

(ECF No. 21, at 7–8 (alterations in footnote numbering).)

The Court afforded Respondent an opportunity to file "a further response," in which Respondent was permitted to "raise any procedural defenses and . . . address the merits of Claims Two, Three, and Four." (*Id.* at 17.) Respondent filed a supplemental brief addressing Claims Two, Three, and Four. (ECF No. 22.) Ruffin did not file a reply. For the reasons stated below, Claims Two, Three, and Four will be dismissed.

## I. EXCUSE FOR DEFAULT

In the September 3, 2019 Memorandum Order, the Court concluded that "Claims Two, Three, and Four are procedurally defaulted" because Ruffin failed to properly present them to the Supreme Court of Virginia. (ECF No. 21, at 7.) Thus, Claims Two, Three, and Four should be dismissed "unless Ruffin demonstrates cause and prejudice to excuse his default or a fundamental miscarriage of justice." (*Id.*) The Court, however, was unable to resolve those claims at that time because "Respondent "fail[ed] to

4

adequately address all of Ruffin's arguments regarding his default of Claims Two, Three, and Four." (*Id.* at 8.) Respondent has now addressed Ruffin's arguments and the matters are ripe for adjudication.

### A. Analysis of "Cause" after *Martinez v. Ryan*, 566 U.S. 1 (2012)

To establish "cause" to excuse a procedural default, a petitioner must point to "something *external* to the" petitioner, which "cannot fairly be attributed to the [petitioner]," which "impeded" his "efforts to comply with the State's procedural rule." *Coleman v. Thompson,* 501 U.S. 722, 753 (1991) (citations omitted). Generally, neither "negligence," "ignorance or inadvertence in a postconviction proceeding" qualifies "as cause to excuse a procedure default." *Martinez v. Ryan*, 566 U.S. 1, 9, 15 (2012) (discussing the "rule of *Coleman*, which "governs in all but [] limited circumstances").

However, in *Martinez*, the Supreme Court carved out a "narrow exception" to the "rule of *Coleman*." 566 U.S. at 9. There, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial–review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance [of counsel] at trial if, in the initial–review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at 17.

Respondent concedes that Virginia law does not allow claims of ineffective assistance of counsel at trial to be brought on direct appeal. (ECF No. 22, at 8.) Therefore, the Court is required to analyze Claim Four, which alleges that trial counsel was ineffective, under *Martinez*. However, for Claims Two and Three, which allege that

the trial court, as opposed to counsel, committed error, the "rule of *Coleman*," will apply.

### B. Claims Two and Three

In Claims Two and Three, Ruffin alleges the trial court erred in its application of Virginia Code § 46.2–882, which addresses permissible means of determining the speed of a vehicle. (ECF No. 2, at 9–10, 12.) In both instances, Ruffin states his belief that § 46.2–882 precludes a court from considering eyewitness testimony concerning the speed of a vehicle. (*Id.*) In Claim Two, Ruffin goes so far as to suggest that the trial court's consideration of eyewitness testimony at trial concerning the speed at which he was driving renders his "convictions for intentional destruction of property and child neglect . . . void ab initio." (*Id.* at 9–10.) Since Claims Two and Three involve overlapping arguments, the Court will consider them simultaneously.

Virginia Code § 46.2–882 provides, in relevant part, that:

> The speed of any motor vehicle *may* be determined by the use of (i) a laser speed determination device, (ii) radar, (iii) a microcomputer device that is physically connected to an odometer cable and both measures and records distance traveled and elapsed time to determine the average speed of a motor vehicle, or (iv) a microcomputer device that is located aboard an airplane or helicopter and measures and records distance traveled and elapsed time to determine the average speed of a motor vehicle being operated on highways within the Interstate System of highways . . . . The results of such determinations shall be accepted as prima facie evidence of the speed of such motor vehicle in any court or legal proceeding where the speed of the motor vehicle is at issue.

Va. Code Ann. § 46.2–882 (West 2020) (emphasis added).

The Court of Appeals of Virginia has construed § 46.2–882 to be "a statue permitting the admissibility of evidence. It is not a statute of exclusion." *Savage v.*

6

*Commonwealth*, No. 1813-08-01, 2009 WL 2143828, at *1 (Va. Ct. App. July 21, 2009) (affirming conviction based on officer's observation of speed after "pacing" defendant's vehicle). "Nothing in Code § 46.2-882 suggests the statue is meant to limit the means for proving speed." *Id.* "The statue does not prevent the Commonwealth from proving a vehicle's speed by other methods." *Id.* Indeed, "lay witness testimony has always been an acceptable method of [determining] the speed of a car." *Id.* (citing *Shrader v. Commonwealth*, 343 S.E.2d 375, 378 (1986)).

Given the foregoing authority, it would have been frivolous for trial counsel to have objected to the introduction of eyewitness testimony as to Ruffin's speed on the basis of this statute, or for appellate counsel to have addressed the issue to the Court of Appeals of Virginia. Therefore, Ruffin has failed to show that counsel was deficient with respect to Claims Two and Three, much less that he suffered any actual prejudice as a result.

Equally unavailing is Ruffin's claim that his default should be excused because he "[d]id not become aware of [the] issue[s] until after [he] filed [his] state habeas petition." (ECF No. 1, at 7-11.) Even if the "issues" raised by Ruffin were meritorious, which they are not, Ruffin is, at base, attempting to argue that ignorance of the law is an excuse for procedural default. As discussed above, Claims Two and Three are governed by the "rule of *Coleman*." *See supra*, at 5. Under the "rule of *Coleman*," which "governs in all but [] limited circumstances," neither "negligence," "ignorance or inadvertence in a postconviction proceeding" qualifies "as cause to excuse a procedure default." *Martinez*, 566 U.S. at 9, 15. Thus, Ruffin's putative failure to discover his claims until after he

7

filed his state habeas petition cannot serve as an excuse for his default.

Finally, Ruffin's argument that failure to consider his claims would result in a fundamental miscarriage of justice lacks merit. A petitioner may obtain review of his defaulted claims "if he falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995) (alteration in original) (citation omitted). This means that Ruffin must establish that his convictions resulted from a "constitutional error" and that he "is actually innocent of the crime." *Id.* at 324. To establish his innocence, Ruffin is required to present "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* (emphasis added). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* Moreover, "actual innocence" means factual innocence and not just legal insufficiency. *See Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (alteration in original) (citations and internal quotation marks omitted) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence.").

As an initial matter, Ruffin's claim fails because he has not presented any evidence, much less "new" evidence, which was not available at trial, indicating that he did not commit the crimes in question. Rather, his arguments revolve around his mistaken belief that the trial court misapplied Virginia Code § 46.2–882. Thus, his claim is more accurately described as one of "legal insufficiency," rather than "factual

innocence." As such, it does not constitute a cognizable reason for excusing his default. Accordingly, Claims Two and Three will be dismissed.

### B. Claim Four

In Claim Four, Ruffin argues that "[t]rial counsel was ineffective" by "fail[ing] to investigate" Virginia Code § 46.2–882. (ECF No. 2, at 13–14.) Ruffin maintains that if counsel had "adequately investigated the requirements of the law . . . she would have been able to present the mitigating circumstances that petitioner could not be convicted of intentional destruction of property and child neglect based on the eyewitness testimony as to how fast petitioner was driving . . . ." (*Id.*) Ruffin has, in essence, recast Claims Two and Three as a stand–alone ineffective–assistance–of–counsel claim.

Under the modified "cause" analysis announced by *Martinez*, "[t]o overcome [his] default, [Ruffin] must . . . demonstrate that the underlying ineffective–assistance–of–trial–counsel claim is a *substantial* one, which is to say that the prisoner must demonstrate that the claim has some merit." 566 U.S. at 14 (emphasis added) (citation omitted). Put another way, "[w]hen faced with the question of whether there is a cause for an apparent default, a State may answer that the ineffective–assistance–of–counsel claim is *insubstantial, i.e.,* . . . that the attorney in the initial–review collateral proceeding did not perform below constitutional standards." *Id.* at 15–16 (emphasis added).

As discussed above, Virginia Code § 46.2–882 is a permissive statute, which does not exclude eyewitness testimony concerning the speed of a vehicle. *See ante*, at 6–7. Had trial counsel "investigated" the statute, as Ruffin contends that she should have, counsel would have discovered as much, and would have readily realized that making the

9

argument that Ruffin contends that she should have raised, *i.e.*, that an eyewitness was precluded from testifying as to his speed, was both frivolous and futile. Because Ruffin's claim of ineffective assistance of counsel "does not have merit" and is "wholly without factual support," it is "insubstantial." *Martinez*, 566 U.S. at 15–16. Thus, Ruffin has failed to carry his burden of demonstrating that his ineffective–assistance–of–counsel claim is a "substantial" one. *Id.* at 14. Therefore, even under the modified cause analysis put forth in *Martinez*, Ruffin has failed to "[t]o overcome [his] default." *Id.*

Because Ruffin has failed to show cause for his default, much less prejudice, and because he has failed to demonstrate that he is actually innocent of the crimes for which he was convicted, as discussed above, Claim Four will be dismissed.

## V. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 13) will be granted with respect to Claims Two, Three, and Four. Claims Two, Three, and Four will be dismissed. Ruffin's § 2254 Petition (ECF No. 1) will be denied. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Ruffin and counsel of record.

It is so ORDERED.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Jan. 25, 2021
Richmond, Virginia